United States District Court
Southern District of Texas
ENTERED
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAS ABOLEL DELEON PEREZ, A # 201-605-510 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-359 |
| | § | |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al.* | § | |
| | § | |
| Respondents. | § | |

**ORDER FOR EXPEDITED ANSWER**

Petitioner Jeremias Abolel DeLeon Perez is detained in the custody of officials with the Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Proceeding *pro se*, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241 *et seq.*, the Court **ORDERS** as follows:

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1. The Clerk will deliver copies of the petition (Dkt. 1) and this order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail, return receipt requested to the Civil Process Clerk, 1000 Louisiana Street, Suite 2300, Houston, TX 77002, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The Clerk will serve copies of the petition (Dkt. 1) and this order by certified mail, return receipt requested, upon: (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001; and (2) Warden, Coastal Bend Detention Center, 4909 FM 2826, Robstown, TX 78380, (281) 985-8400.

3. The warden or proper respondent must file an answer or other appropriate responsive pleading within **twenty (20) days** after the date of service and must forward a copy to the petitioner's counsel. **This pleading must specifically address whether this Court has jurisdiction to entertain this petition.** The respondent is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5. Whether the respondent elects to submit an answer or a dispositive motion, the petitioner must file any response **within 10 days** of the date reflected on the certificate of service. Under the Court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. TEX. L.R. 7.4. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Court does not order a response from the respondents other than the warden at this time. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained.").

7. The petitioner, who proceeds *pro se*, has invoked the Court's jurisdiction under 28 U.S.C. § 2241. "A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 707 (S.D. Tex. 2025) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978)) (cleaned up). The Court **ORDERS** that the respondents are **ENJOINED** from removing the petitioner from the Southern District

of Texas until these proceedings are concluded or the Court lifts the stay. The respondents may, if appropriate, file a motion to further expedite these proceedings and present facts and law supporting their request.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 2, 2026.

George C. Hanks Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE